IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDDY L. FLONNORY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 22-1539-GBW |
| | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM ORDER

At Wilmington this 27th day of June, 2023;

1. In 2004, following a jury trial, Petitioner Freddy L. Flonnory was sentenced to life in prison, and additional terms of imprisonment, for a first-degree murder conviction and other convictions. *See Flonnory v. State*, 893 A.2d 507, 513 (Del. 2006).[1] The Delaware Supreme Court affirmed on direct appeal. *Id.* Between then and now, Petitioner has unsuccessfully sought postconviction relief in state and federal court on numerous occasions.

2. On November 15, 2022, Plaintiff signed a "Motion to Correct an Illegal Sentence," purportedly seeking relief in the Superior Court under Delaware Superior Court Criminal Rule 35(a). (D.I. 1-1). It is unclear whether Plaintiff

---

[1] Flonnory was initially tried in 1998, convicted, and sentenced to death, but the Delaware Supremve Court reversed his convictions and sentences, which led to the 2004 retrial. *See Flonnory*, 893 A.2d at 513.

docketed his Motion in the Superior Court because, the same day he signed the Motion, he signed a "Petition to Remove State Criminal Case to Federal Court," and sent it to this Court for docketing. (D.I. 1).

3. The Court will take Petitioner's assertion that he seeks "to remove his criminal case Motion to Correct an Illegal Sentence in Criminal Case ID #9707012190," (D.I. 1 at 1), at face value and act under the assumption that he did file his Motion in the Superior Court.

4. Removal of State criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. § 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific

civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792 (quoting 28 U.S.C. § 1443(1)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219, (1975) (citations omitted).

5.  Plaintiff seeks to remove a postconviction motion he filed in a long-closed criminal case in which he argues that certain Delaware criminal statutes are discriminatory based on the age of the defendant. The Court lacks removal jurisdiction over this case.

Now therefore, IT IS HEREBY ORDERED that that the Clerk of Court is directed to **REMAND** this action to the Superior Court of New Castle County, Delaware.

_____
UNITED STATES DISTRICT JUDGE